STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

**FILED**

May 22, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**STANLEY D. HENDRICKS,**
**Claimant Below, Petitioner**

**vs.)   No. 11-1183** (BOR Appeal No. 2045600)
                    (Claim No. 2005017526)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**PATTON, INC.,**
**SPARTAN MINING COMPANY, and**
**WORKMAN'S CONSTRUCTION, INC.,**
**Employers Below, Respondent**

**MEMORANDUM DECISION**

Petitioner Stanley D. Hendricks, by John Blair, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of Insurance Commissioner, by Jon Snyder, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated July 20, 2011, in which the Board affirmed a February 15, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's July 10, 2008, decision denying Mr. Hendricks's application for a permanent total disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these

1

reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Hendricks applied for a permanent total disability award on January 24, 2007, stating that he had been granted a total of 62% in permanent partial disability awards. The Permanent Total Disability Review Board on June 16, 2008, found that the evaluations of Drs. Landis and Faheem were the most accurate assessments of Mr. Hendricks's whole body medical impairment from his occupational injuries and/or diseases. It concluded that Mr. Hendricks suffered from 29% whole body medical impairment, and recommended denying further consideration of a permanent total disability award. On July 10, 2008, the claims administrator denied the application for a permanent total disability award.

The Office of Judges affirmed the claims administrator's Order, and held that the preponderance of the evidence did not establish that Mr. Hendricks had met the 50% whole body medical impairment threshold required for further consideration of a permanent total disability award. On appeal, Mr. Hendricks disagrees and asserts that it was incorrect to not rely on Dr. Guberman's report, and according to such report he suffers from 51% whole body medical impairment and is entitled to further consideration of a permanent total disability award. The West Virginia Office of Insurance Commissioner maintains that Mr. Hendricks has not shown that the Permanent Total Disability Review Board is clearly wrong. Dr. Guberman on July 13, 2010, found that Mr. Hendricks suffered from 51% whole body medical impairment from his compensable injuries and conditions. In his report, he noted that Mr. Hendricks had received a 15% permanent partial disability award for occupational hearing loss.

Under West Virginia Code § 23-4-6(n)(1) (2005), to qualify for a permanent total disability award, the applicant must be found to suffer from 50% whole body medical impairment due to occupational injuries or diseases. The Permanent Total Disability Review Board found that Mr. Hendricks suffered from only 29% whole body medical impairment. The Office of Judges held that the preponderance of the evidence does not establish that Mr. Hendricks met the statutory threshold. It noted that Dr. Guberman's report incorrectly stated that Mr. Hendricks received a 15% permanent partial disability award for occupational hearing loss, and that he had only received a 12% permanent partial disability award. It further noted that Dr. Guberman was the only physician to find impairment in the thoracic spine and facial laceration. The Office of Judges concluded that Dr. Guberman's report when corrected did not support a finding that Mr. Hendricks had 50% whole body medical impairment, and thus affirmed the denial of the application for a permanent total disability award. The Board of Review reached the same reasoned conclusions in its decision of July 20, 2011. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   May 22, 2013**

**CONCURRED IN BY:**
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

Chief Justice Brent D. Benjamin, Disqualified